ADA CONTI *vs.* AMERICAN EXPRESS COMPANY.

Washington.    Opinion December 26, 1912.

*Baggage.   Bill of Lading.   Burden of Proof.   Carriers.   Condition of*
*Goods.   Contract.   Damages.   Directions.   Goods in*
*Transit.   Negligence.   Presumption.*

An action to recover damages for injuries to seven trunks, one sewing machine and a quantity of music in one of the trunks carried by the defendant as a common carrier from New York to Eastport, Maine. The plaintiff returned from Italy to the United States in November, 1910, by the Hamburg American Line from Genoa to New York. She intended to take the trunks and sewing machine along with her as personal baggage, but it had not arrived when she sailed, and the steamer agent was to forward it later. About three weeks afterwards the trunks and sewing machine were delivered to her in Eastport in a damaged condition. No bill of lading or shipping receipt from defendant company is shown and no evidence was offered to show who delivered the property to defendant company in New York, or what its condition was when defendant received it.

*Held:*

1.   In an action against the last of a series of carriers to recover for injuries to goods in transit, when the goods were shipped in good order, the presumption arises that they continue in that condition until they reach the hands of the delivering carrier, and the burden is on it to show that the injury occurred before the goods came into its possession.

2.   To bring this case within the application of that rule it must be shown that the defendant company was the last of a line of successive carriers, carrying goods continuously in pursuance of a through bill of lading or contract of shipment, and that they were received by the initial carrier in good condition.

3.   The evidence in this case does not show that the American Express Company was the last of successive carriers of the goods in pursuance of any continuous carrying of them under a through bill of lading from Italy to Eastport, but on the other hand; that the defendant received the goods in New York as a new shipment, independent of, and without connection with any previous carrying of them.

4.   This suit is based on the negligence of the defendant. The burden is on the plaintiff to prove it. It is not enough for her to show that the goods were in a damaged condition when the defendant delivered them to

her. She must show that they were injured while in the defendant's possession by its negligence. If she had shown that they were uninjured when the defendant received them, that would have imposed upon it the burden of exonerating itself.

On report. Judgment for the defendant.

This is an action on the case to recover damages for injuries to seven trunks, one sewing-machine and a quantity of music in one of the trunks carried by the defendant company as a common carrier from New York to Eastport, Maine. The plaintiff, who was in Italy returned to the United States in November, 1910, by the Hamburg American line from Genoa to New York. She intended to take the trunks and sewing-machine with her as personal baggage, but they had not arrived when she sailed, and the steamer agent was to forward the baggage later. She says the sewing-machine was properly crated, and the trunks were in a sound condition and securely locked and tied with ropes. About three weeks after she arrived in Eastport, Maine, the trunks and sewing machine were delivered to her by the defendant company in a damaged condition. No bill of lading or shipping receipt from the defendant company were in evidence and no evidence offered to show who delivered the property to the defendant in New York or what its condition was when the defendant received it. Plea, the general issue with brief statement in substance that the alleged injury to the property of plaintiff did not occur while the same was in defendants' possession, and that defendant exercised due care in handling and transporting said property; and that it was delivered to plaintiff in same condition as it was when received by defendant. At the conclusion of the evidence, the case was reported to the Law Court upon so much of the evidence as is legally admissible, to render such judgment as the rights of the parties require.

*Leo D. Lamond, and R. J. McGarrigle,* for plaintiff.

*C. B. & E. C. Donworth,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

KING, J. This case comes up on report. It is an action to recover damages for injuries to seven trunks, one sewing machine, and a

quantity of music in one of said trunks carried by the defendant, as a common carrier, from New York to Eastport, Maine.

It appears from the report that the plaintiff visited Italy in 1910. She returned to the United States in November of that year by the Hamburg American Line from Genoa to New York. She intended to take the trunks and sewing machine along with her as personal baggage, and says that the sewing machine was properly crated and that the trunks were in sound condition and securely locked and tied with ropes. It appears inferentially that this baggage may have been sent by rail to the steamship company at Genoa. It had not arrived there, however, when the plaintiff sailed and the steamer agent was to forward it later. About three weeks after she arrived in Eastport the trunks and sewing machine were delivered to her by the defendant, she paying the charges thereon, and she claims that they were then in a damaged condition. No bill of lading or shipping receipt from the defendant company is shown, and no evidence was offered to show who delivered the property to the defendant company in New York, or what its condition was when the defendant received it.

The plaintiff says she heard nothing about the baggage after she left Genoa until she received it in Eastport. But when asked on cross examination if she left any directions with the steamship agent in New York as to what should be done with her baggage when it arrived there she said: "Yes, I told him to send it to me." It is, therefore, reasonable to infer that the steamship company, in compliance with the plaintiff's request, delivered the baggage to the American Express Company in New York to carry to Eastport.

The plaintiff contends that having shown that the property was in a damaged condition when the defendant delivered it to her, the burden was thereby imposed on it to exonerate itself by showing that the property was not injured while in its possession. She evidently relies upon the well established rule that in an action against the last of a series of carriers to recover for injuries to goods in transit, when the goods were shipped in good order, the presumption arises that they continue in that condition until they reach the hands of the delivering carrier, and the burden is on it to show the injury occurred before the goods came into its possession. *Colbath* v. *B. & A. R. R. Co.*, 105 Maine, 379 and cases cited.

To bring this case within the application of that rule it must be shown that the defendant company was the last of a line of successive carriers, carrying the goods continuously in pursuance of a through bill of lading or contract of shipment, and that they were received by the initial carrier in good condition.

It sufficiently appears that the goods in question were transported by some means of conveyance from some other place in Italy to Genoa, for the plaintiff testified that they had not "arrived" at Genoa when she sailed, and she was asked if there were not washouts on some of the Italian roads on the day she sailed which delayed the goods, and she replied, "I supposed it did." There is no other evidence relating to this initial carriage of the goods, and in the absence of any information as to the terms of the contract therefor, it seems just and reasonable to infer, under the circumstances, that this first carriage of the goods was not a part of a through shipment of them from their starting point in Italy to Eastport, Maine, but only an independent transportation of them to Genoa, thence to accompany the plaintiff, as "personal baggage," on her passage from Genoa to New York by the Hamburg American line.

If the carriage of the goods before they arrived in Genoa was not in pursuance of a contract for a through shipment of them to Eastport, and we think it was not, then there is no evidence, or presumption that can be legitimately applied, that the goods were in good condition when received by the Hamburg American line.

Further, there is no evidence that when the goods were later taken to New York by the steamship company they were carried in pursuance of a through shipment from Genoa to Eastport. No bill of lading or contract for shipment by the Hamburg American Line is shown. And it is not shown that the plaintiff herself had a through ticket to Eastport. In the absence of any contract for through transportation to Eastport, the inference would seem to be that the goods were merely taken by the steamship company from Genoa to New York as the plaintiff's delayed baggage, and that the steamship company's only duty as a common carrier, with respect to the goods, was to land them safely in New York, where the plaintiff was to take charge of them. And this inference is made quite indisputable by the plaintiff's testimony that she left directions with

the steamship agent in New York to send the goods to her when they arrived.

It is therefore the opinion of the court that the evidence in this case does not show that the American Express Company was the last of successive carriers of the goods in pursuance of any continuous carrying of them under a through bill of lading from Italy to Eastport, but on the other hand, that the defendant received the goods in New York as a new shipment, independent of, and without connection with any previous carrying of them. The plaintiff alleges in her declaration that she delivered the goods at New York to the defendant, as a common carrier, to be carried to Eastport. That allegation is sustained by her evidence, for the goods were delivered to the defendant in New York by the plaintiff through her representative, the agent of the steamship company, acting under her directions to send the goods to her.

This suit is based on the negligence of the defendant. The burden is on the plaintiff to prove it. It is not enough for her to show that the goods were in a damaged condition when the defendant delivered them to her. She must show that they were injured while in the defendant's possession by its negligence. If she had shown that they were uninjured when the defendant received them, that would have imposed upon it the burden of exonerating itself. But she offered no evidence on that point. The mere fact that the goods were in a damaged condition when the defendant delivered them to the plaintiff is not, in the opinion of the court, sufficient evidence to sustain the burden of proof that the goods were injured by the defendant's negligence, because there is no evidence, or presumption applicable in this case, that the goods were uninjured when received by the defendant.

*Judgment for defendant.*